IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AKWETA CLEMMER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:13-CV-4997-D |
| VS. | § | |
| | § | |
| IRVING INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiffs alleging various federal- and state-law claims against their employer, defendant Irving Independent School District ("IISD") moves under Fed. R. Civ. P. 12(b)(6) for partial dismissal. The principal question presented is whether the amended complaint states a plausible claim for deprivation of a liberty interest, in violation of the Due Process Clause of the Fourteenth Amendment. Concluding that it does not, the court grants IISD's motion and grants plaintiffs leave to replead.

I

Because IISD has moved to dismiss only one of plaintiffs' claims, the court summarizes only the allegations pertinent to the instant motion.[1]  During the 2011-

---

[1]In deciding IISD's Rule 12(b)(6) motion, the court construes the [amended] complaint in the light most favorable to plaintiffs, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the [amended] complaint, any documents attached to the [amended] complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced

2012 school year, plaintiffs Akweta Clemmer ("Clemmer"), Cristina Chen ("Chen"), and

Lesa Hill ("Hill") worked in IISD's Special Education Department.   Clemmer was an

Educational Diagnostician, Chen was a Bilingual Speech Coordinator, and Hill was a Middle

School Special Education Coordinator.   They were supervised primarily by Mollie Lusty

("Lusty"), the Special Education Director for IISD.[2]   Clemmer and Hill are African-

American, and Chen is of Cuban descent.   Broadly stated, plaintiffs allege in their amended

complaint[3] that they were treated differently from their Caucasian colleagues, and that they

were subject to harassment, at least in part, because they complained about IISD's treatment

of certain students in the Special Education Department.

  In support of plaintiffs' deprivation of liberty claim, they allege in their amended

complaint, in pertinent part:

> Defendant IISD made false accusations against Plaintiffs and
> particularly "bad-mouthed" them repeatedly and continuously.
> For example, Chen was accused of being "toxic" and repeatedly

---

by the [amended] complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[2]Although Clemmer and Chen were primarily supervised by Lusty, Clemmer also reported to Desiree Marks-Arias, the Principal at Austin Middle School, and Chen also reported to Dora Moron, the Director of the Bilingual/ESL/Migrant Program.

[3]Plaintiffs style this pleading as a "first amended original complaint."   The term "original" probably emanates from Texas state procedure.   *See* Tex. R. Civ. P. 46 (referring to "original petition").   Federal procedure simply uses the term "complaint."   *See* Rule 7(a)(1) ("Only these pleadings are allowed: (1) a complaint[.]").   Accordingly, in this memorandum opinion and order, the court will refer to plaintiffs' "first amended original complaint" as their "amended complaint."   If plaintiffs elect to replead, *see infra* § V, they should style the amended pleading as a "second amended complaint" rather than a "second amended original complaint."

> "followed," inferring that she could not be trusted by the IISD.
> Hill was accused of plagiarism and was also followed by the
> IISD. Clemmer was accused of selling jewelry during school
> hours, performing poorly in her job, of being no good at her job,
> being audited on a continual basis, and of mishandling a
> student's testing.

Am. Compl. ¶ 172 (internal cross-references to earlier paragraphs omitted). The amended

complaint also alleges that "[t]hese false charges could and were intended to seriously

damage Plaintiffs' standing and associations in their communities and could foreclose future

employment opportunities," *id.* at ¶ 173; "[t]hese accusations were made in public to persons

other than Plaintiffs themselves," *id.* at ¶ 174; and "Plaintiffs never received a meaningful

hearing to clear their names," *id.* at ¶ 175.

Clemmer and Chen resigned in July 2012, citing, *inter alia*, intolerable working

conditions. Hill took administrative leave at the end of the 2011-2012 school year and

returned in January 2013, assuming a new position as Elementary Dean. Plaintiffs initially

filed this action in December 2013 and subsequently filed an amended complaint in March

2014, alleging claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq.*, the First, Fifth, and Fourteenth Amendments of the

United States Constitution, the Texas Constitution, and various Texas statutes. At the time

plaintiffs filed their amended complaint, Hill was still employed by IISD.

IISD moves to dismiss plaintiffs' deprivation of liberty claim for failure to state a

claim on which relief can be granted. IISD maintains on five grounds that this claim fails to

state a claim on which relief can be granted: (1) plaintiffs were not discharged; (2) the

stigmatizing charges, to the extent they were made at all, were not made in connection with any discharge; (3) the stigmatizing charges, to the extent they were made at all, were not made public; (4) plaintiffs did not request a name-clearing hearing; and (5) IISD did not deny plaintiffs' request for a name-clearing hearing because a request was never made.  IISD also argues that plaintiffs' request for punitive or exemplary damages should be dismissed because such damages are not available against a governmental entity under Title VII, 42 U.S.C. § 1983, or Texas law.  Plaintiffs oppose the motion, but they concede in their response that their request for punitive or exemplary damages should be dismissed.

## II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiffs' amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)).  To survive IISD's motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be

- 4 -

enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citation omitted).

## III

## A

"Section 1983 provides a civil remedy in federal court for violations, under color of state law, of a person's constitutionally recognized rights, privileges, or immunities." *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006) (citing *Findeisen v. N. E. Indep. Sch. Dist.*, 749 F.2d 234, 236-37 (5th Cir. 1984)).  "If the government discharges an employee amidst allegations of misconduct, the employee may have a procedural due process right to notice and an opportunity to clear [her] name."  *Id.* (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573 (1972)).  "Neither damage to reputation alone nor the stigma resulting from the discharge itself trigger the protections of due process."  *Id.*  (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 256 (5th Cir. 1984), *cert. denied*, 473 U.S. 901 (1985)) (footnote omitted).  "Rather, a liberty interest is infringed, and the right to notice and an opportunity to clear one's name arises, only when the employee is 'discharged in a manner that creates a false and defamatory impression about [her] and thus stigmatizes [her] and forecloses [her] from other employment

- 5 -

opportunities.'" *Id.* (quoting *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981)).  "This court employs a seven-element stigma-plus-infringement test to determine whether § 1983 allows a government employee a remedy for deprivation of liberty without notice or the opportunity for a name-clearing hearing."  *Bellard v. Gautreaux*, 675 F.3d 454, 461-62 (5th Cir. 2012).  "The plaintiff must show: (1) [she] was discharged; (2) stigmatizing charges were made against [her] in connection with the discharge; (3) the charges were false; (4) [she] was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) [she] requested a hearing to clear [her] name; and (7) the employer denied the request."  *Bledsoe*, 449 F.3d at 653.

## B

Assuming *arguendo* that the comments at issue here are "stigmatizing charges"[4] that were false when made,[5] the court holds that the amended complaint fails to plausibly allege a deprivation of a liberty interest.  The court first identifies three pleading deficiencies that are common to all three plaintiffs and then identifies a fourth pleading deficiency that pertains only to Hill.

### 1

First, the amended complaint does not plead factual content that would permit the

---

[4]*See Wells*, 736 F.2d at 256 n.16 (noting that "for a charge to be stigmatizing it must be worse than merely adverse; it must be such as would give rise to 'a badge of infamy, public scorn, or the like'" (citation and internal quotation marks omitted)).

[5]*See Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995) (noting that charge must be a "false factual representation").

court to draw the reasonable inference that any of the stigmatizing charges were made public.

Although the amended complaint references derogatory comments that Lusty made about

each plaintiff, it does not plead any facts suggesting that Lusty (or any other IISD employee)

made these comments to anyone outside the workplace.  For example, the amended

complaint alleges that "Lusty *told Hill* that Chen was 'toxic' and that Chen was moved from

one department to another because of the problems she created." Am. Compl. ¶ 35 (emphasis

added).  Similarly, the amended complaint alleges that "Lusty *told Chen* that Hill did not

know anything about Special Education and was not good at her job." *Id.* at ¶ 36 (emphasis

added).  Finally, the amended complaint alleges that "Lusty constantly bad mouthed

Clemmer and her work performance *to the Special Education staff members*." *Id.* at ¶ 74

(emphasis added); *see also id.* at ¶¶ 82, 84, and 135.  At best, the amended complaint alleges

that "Lusty *told people*" that Clemmer performed poorly at her job, *see id.* at ¶ 104 (emphasis

added), but the allegations of this type do not specify to whom and under what circumstances

the comments were made.  These allegations do not satisfy the publicity element of the

stigma-plus-infringement test because comments made internally within the workplace—but

not publicized outside it—are not "made public."[6]  *See Wells v. Doland*, 711 F.2d 670, 676

& n.8 (5th Cir. 1983) (holding that deprivation of liberty claim failed because court could not

determine from record whether charges were made public); *Ortwein v. Mackey*, 511 F.2d

---

[6]For the same reason, plaintiffs' allegations that Lusty instructed subordinate employees to "follow" plaintiffs to "keep tabs on [them]," *see, e.g.,* Am. Compl. ¶ 37, fail to satisfy the publicity element.

696, 699 & n.3 (5th Cir. 1975) (holding that deprivation of liberty claim failed where no one

outside the workplace was told of university's decision not to renew plaintiff's employment

contract); *see also Jingping v. Univ. of Tex. MD Anderson Cancer Ctr.*, 854 F.Supp.2d 430,

441 (S.D. Tex. 2012) (holding that complaint failed to state plausible claim for deprivation

of liberty interest where plaintiff did not allege that any of the statements were disseminated

outside the workplace); *Willbanks v. Smith Cnty., Tex.*, 661 F. Supp. 212, 217 (E.D. Tex.

1987) ("A liberty interest is not implicated unless false charges have been officially or

intentionally divulged to persons outside the governmental [entity] employing the claimant,

or are likely to be so divulged.").

2

Second, the amended complaint does not plead factual content that would permit the

court to draw the reasonable inference that plaintiffs asked for an opportunity to clear their

names.  Rather, the amended complaint alleges that plaintiffs did not *receive* a meaningful

hearing to clear their names, *see* Am. Compl. ¶¶ 171, 175, apparently suggesting that the

hearings they did receive, which are described below, were not adequate.  But the stigma-

plus-infringement test requires that the plaintiff actually *request* an opportunity to clear their

names.  *See Bledsoe*, 449 F.3d at 653 ("Though an employee need not use the term

'name-clearing hearing' to satisfy the sixth element of the stigma-plus-infringement test, the

employee must still petition the employer in a manner that can be construed as asking for an

opportunity to clear his name." (citing *Rosenstein v. City of Dallas*, 876 F.2d 392, 396 (5th

Cir. 1989)).  In their response to IISD's motion to dismiss, plaintiffs assert that they "asked

for a hearing," Ps. Resp. 5, but they do not allege this in their amended complaint.

### 3

Third, even assuming that plaintiffs have adequately alleged that they requested an opportunity to clear their names, the amended complaint does not plead factual content that would permit the court to draw the reasonable inference that IISD denied them this opportunity (whether through a hearing or otherwise). Instead, the amended complaint alleges that plaintiffs participated in two hearings in connection with this dispute: a "Level II hearing" before an attorney on February 21, 2013, and a "Level III hearing" before the Board of Trustees on June 17, 2013. And it alleges that, during the Level II hearing, all three plaintiffs "gave testimony." Am. Compl. ¶ 24. In their response, plaintiffs concede that "[t]hey were finally given a hearing after the fact," and that the "matter went in front of the Board." Ps. Resp. 5. They appear to suggest that these two hearings were inadequate, but the amended complaint also alleges that IISD had previously offered plaintiffs a more comprehensive hearing in which they would be cross-examined, but the plaintiffs declined and agreed instead to a different type of investigation. *See* Am. Compl. ¶ 22. That IISD did not offer plaintiffs the exact type of hearing they desired does not imply that IISD denied their request for an opportunity to clear their names. In sum, there is no indication from the allegations in the amended complaint that, before plaintiffs resigned, they were denied a meaningful opportunity to clear their names.

### 4

Fourth, the court holds that, assuming *arguendo* that plaintiffs' allegations of

constructive discharge satisfy the discharge element of the stigma-plus-infringement test for

Clemmer and Chen,[7] Hill cannot satisfy this element because she continues to work for IISD.

In fact, the amended complaint explicitly alleges that, upon returning from leave in January

2013,[8] Hill "moved to a new position, Elementary Dean, where she is still currently."  *Id.* at

¶ 137.  In a later paragraph in the amended complaint, plaintiffs allege that "Hill was placed

in a job with essentially no title, in another department and in a job that does not even allow

her to do what she is certified to do."  *Id.* at ¶ 177.  Despite plaintiffs' characterization of the

Elementary Dean position as "a job with essentially no title," the well-pleaded allegations

of the amended complaint make clear that Hill continues to be employed by IISD.  Her

---

[7]The Fifth Circuit has not addressed whether a constructive discharge is sufficient to satisfy the discharge element of the stigma-plus-infringement test.  In *Richards v. City of Weatherford*, 275 F.3d 46, 2001 WL 1268724, at *1 (5th Cir. Oct. 16, 2001) (per curiam), the panel held that, because the plaintiff was placed on administrative leave and not discharged, he could not state a claim for a deprivation of a liberty interest.  *Id.* at *1.  But the panel declined to consider the plaintiff's argument, raised for the first time on appeal, that administrative leave was tantamount to a constructive discharge.  *Id.*

Other courts have reached conflicting results on this question.  *Compare Hill v. Borough of Kutztown*, 455 F.3d 225, 238 (3d Cir. 2006) ("We therefore conclude today that a public employee who is defamed in the course of being terminated *or constructively discharged* satisfies the 'stigma-plus' test even if, as a matter of state law, he lacks a property interest in the job he lost." (emphasis added)), *with Evans v. District of Columbia*, 391 F.Supp.2d 160, 168 (D.D.C. 2005) (holding that constructive discharge is insufficient basis for a deprivation of liberty claim).  Because the court concludes that plaintiffs' amended complaint fails to state a claim for other reasons, it need not decide whether constructive discharge satisfies this element.

[8]Plaintiffs' allegation that Hill took leave does not satisfy the discharge element.  *See, e.g., Brokaw v. Dall. Indep. Sch. Dist.*, 2008 WL 4355392, at *4 (N.D. Tex. Sept. 24, 2008) (O'Connor, J.) (holding that allegation that employee was placed on administrative leave did not equate to termination of employment).

- 10 -

retention of employment with IISD, albeit in a different position, precludes her from pleading a plausible deprivation of liberty claim.  *See Moore v. Otero*, 557 F.2d 435, 438 (5th Cir. 1977) (holding that plaintiff's claim failed where plaintiff was merely transferred to another position);[9] *see also Thomas v. Smith*, 897 F.2d 154, 156 (5th Cir. 1989) (per curiam) (holding that mere reassignment of teacher to another school in same school district did not constitute deprivation of liberty interest).

For these reasons, the court holds that plaintiffs' amended complaint fails to plausibly allege a deprivation of a liberty interest.  Accordingly, plaintiffs' deprivation of liberty claim is dismissed.

## IV

IISD moves to dismiss plaintiffs' request for punitive or exemplary damages, contending that they are not recoverable against a governmental entity under Title VII, 42 U.S.C. § 1983, or Texas law.  In their response, plaintiffs concede that they cannot sue a governmental entity for punitive damages, and they explicitly state that their punitive damages claims against IISD should be dismissed.  Accordingly, the court dismisses plaintiffs' punitive or exemplary damages claims against IISD, without granting plaintiffs

---

[9]In a footnote, the *Moore* court noted that a transfer from a position as a corporal in a police department to a janitor might cause a "loss of status [that would] present the type of loss of tangible interest" that "could give rise to a liberty interest."  *Moore*, 557 F.2d at 438 n.11.  Here, the amended complaint does not plead any factual content that would permit the court to draw the reasonable inference that Hill's switch from a Middle School Special Education Coordinator to an Elementary Dean would present a comparable loss of status.  Plaintiffs' conclusory allegation that the Elementary Dean position is "a job with essentially no title" does not suffice.

leave to replead for such relief.[10]

## V

Although the court is granting the motion to dismiss, it will allow plaintiffs to replead their deprivation of liberty claim. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Because plaintiffs have not stated that they cannot, or are unwilling to, cure the defects that the court has identified, the court grants plaintiffs 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

---

[10]Because plaintiffs have conceded in their response that they cannot seek punitive or exemplary damages from IISD, the court is not permitting plaintiffs to replead their request for such damages. The court is only permitting plaintiffs to replead their deprivation of liberty claim. *See infra* § V.

\* \* \*

For the reasons explained, the court grants defendant's motion for partial dismissal and grants plaintiffs leave to replead.

**SO ORDERED.**

June 3, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE