IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AKWETA CLEMMER, et al.,           §
                                  §
                  Plaintiffs,     §
                                  §  Civil Action No. 3:13-CV-4997-D
VS.                               §
                                  §
IRVING INDEPENDENT SCHOOL         §
DISTRICT,                         §
                                  §
                  Defendant.      §

MEMORANDUM OPINION
AND ORDER

        In this action alleging various federal- and state-law discrimination and related claims,

defendant Irving Independent School District ("IISD") moves under Fed. R. Civ. P. 12(b)(1)

and/or 12(c) for partial dismissal for lack of subject matter jurisdiction, or, in the alternative,

for partial judgment on the pleadings.  The court denies the motion.

                                        I

        This case is the subject of a prior opinion of the court.  *Clemmer v. Irving Indep. Sch.*

*Dist.*, 2014 WL 2475924 (N.D. Tex. June 3, 2014) (Fitzwater, C.J.).  The court will therefore

recount only the background facts that are pertinent to this memorandum opinion and order.

        Plaintiffs Akweta Clemmer ("Clemmer"), Cristina Chen ("Chen"), and Lesa Hill

("Hill") worked in IISD's Special Education Department during the 2011-2012 school year.

They allege that they were treated differently from their Caucasian colleagues, and that they

were subject to harassment, at least in part because they complained about IISD's treatment

of certain students in the Special Education Department.[1]  After they unsuccessfully pursued internal IISD remedies, they filed intake questionnaires with the Texas Workforce Commission Civil Rights Division, which were dual filed with the Equal Employment Opportunity Commission ("EEOC").  Plaintiffs also filed formal, verified charges of discrimination with the EEOC, which later issued right to sue letters.  Plaintiffs then filed this lawsuit, which they have amended through first and second amended complaints.

IISD moves under Rule 12(b)(1) and/or 12(c) for partial dismissal for lack of subject matter jurisdiction, or, in the alternative, for partial judgment on the pleadings.  Plaintiffs oppose the motion.

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6).  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal quotation marks omitted)).

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-

---

[1]In deciding IISD's Rule 12(c) motion to dismiss, the court construes the second amended complaint in the light most favorable to plaintiffs, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in their favor.  *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive defendant's motion, plaintiffs' pleadings must allege enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

- 3 -

III

The court first considers IISD's motion to dismiss Chen's Title VII claim as time-barred.

IISD moves to dismiss Chen's Title VII claim on the ground that she failed to timely file a charge of discrimination with the EEOC.  In a deferral state such as Texas, an aggrieved party must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful practice occurred.  *See* 42 U.S.C. § 2000e-5(e); *see also Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987).  IISD moves for dismissal of Chen's Title VII claim under Rule 12(b)(1), but the 300-day filing period is not jurisdictional; it is more akin to and operates as a limitations period, commencing on the date the alleged unlawful practice occurred.  *See, e.g., Adams v. Cedar Hill Indep. Sch. Dist.*, 2014 WL 66488, at *2 (N.D. Tex. Jan. 8, 2014) (Fitzwater, C.J.) (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988); *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989)).  Therefore, because the limitations period is not jurisdictional, IISD's motion to dismiss is not properly brought under Rule 12(b)(1).  Because the pleadings have closed,[2] the

---

[2]As one learned treatise explains:

> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 213

- 4 -

motion should be treated as brought under Rule 12(c).[3]

Because limitations is an affirmative defense, *see, e.g., Adams*, 2014 WL 66488, at *2 (treating limitations defense asserted in response, *inter alia*, to Title VII claim as affirmative defense), for IISD to obtain dismissal based on a Rule 12(c) motion, the "'successful affirmative defense [must] appear[] clearly on the face of the pleadings.'" *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (alterations added) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). Stated another way, the defendant is not entitled to dismissal under Rule 12(c) unless the plaintiff "'has pleaded [her]self out of court by admitting to all of the elements of the defense.'" *Id.* (quoting *Silvertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)). That was the case, for example, in *Adams*. *See Adams*, 2014 WL 66488, at *3 (involving complaint that alleged that plaintiff was terminated on June 4, 2012 and did not file charge with EEOC until April 12, 2013, i.e., more than 300 days after being terminated).

But in the present case, Chen has not pleaded herself out of court. In their second amended complaint, plaintiffs explicitly allege that "a charge of discrimination was filed with

_____

(3d ed. 2004) (footnotes omitted).

[3]The distinction between a Rule 12(c) motion and a Rule 12(b)(6) motion is immaterial in the context of this case because the standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See, e.g., Great Plains Trust Co.*, 313 F.3d at 313 n.8 ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted)).

the [EEOC] within three hundred days of the acts complained of herein and Plaintiffs'

Complaint was filed within ninety days of Plaintiffs['] receipt of the [EEOC's] issuance of

a right to sue letter."  2d Am. Compl. ¶ 14.  And they assert that "Plaintiffs timely filed a

charge of discrimination against defendant with the [EEOC]."  *Id.* at ¶ 161.

Accordingly, IISD is not entitled to dismissal on this basis under Rule 12(c).  If the

issue is to be resolved in IISD's favor prior to trial, it must be by summary judgment motion.

IV

IISD also moves under Rule 12(b)(1) to dismiss plaintiffs' Title VII claims for failure

to exhaust administrative remedies.

There is a split of authority within the Fifth Circuit about whether the Title VII

exhaustion requirement implicates the court's subject matter jurisdiction.  *Pacheco v. Mineta*,

448 F.3d 783, 788 n.7 (5th Cir. 2006) ("There is disagreement in this circuit on whether a

Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject

to waiver and estoppel, or whether it is a requirement that implicates subject matter

jurisdiction.").  "Although [this] court has previously relied on Fifth Circuit precedent in

stating that exhaustion is a requirement of subject matter jurisdiction, it has more recently

reached the opposite conclusion[.]"  *Mesa v. Verizon Bus. Network Servs., Inc.*, 2012 WL

3452696, at *4 n.4. (N.D. Tex. Aug. 14, 2012) (Fitzwater, C.J.) (citing *Dixon v. Moore*

*Wallace, Inc.*, 2006 WL 1949501, at *7 n.12 (N.D.Tex. July 13, 2006) (Fitzwater, J.), *aff'd*,

236 Fed. Appx. 936 (5th Cir. 2007)).  Instead, judges of this court hold that "[f]ailure to

exhaust administrative remedies in a Title VII case is an affirmative defense; thus, the

defendant bears the burden of pleading and proving that the plaintiff has failed to exhaust administrative remedies." *Busari-Ibe v. AGS-AECOM Co.*, 2012 WL 12090207, at *3 (N.D. Tex. Jan. 25, 2012) (Means, J.) (citing *Enguita v. Neoplan USA Corp.*, 390 F.Supp.2d 616, 623 (S.D. Tex. 2005)), *aff'd*, 509 Fed. Appx. 298 (5th Cir. 2013); *see also E.E.O.C. v. Rock-Tenn Servs. Co.*, 901 F.Supp.2d 810, 831 (N.D. Tex. 2012) (Boyle, J.) (referring to failure to exhaust as affirmative defense in Title VII context).

Because the court concludes that Title VII exhaustion does not present a question of subject matter jurisdiction, and that it is an affirmative defense, IISD's motion is in this respect properly treated as filed under Rule 12(c) rather than Rule 12(b)(1).  As with IISD's assertion that Chen's Title VII claim is time-barred, in order for IISD to obtain dismissal of plaintiffs' Title VII claims under Rule 12(c) for failure to exhaust administrative remedies, plaintiffs must have pleaded themselves out of court.  But although the second amended complaint is somewhat general in alleging exhaustion, *see, e.g.,* 2d Am. Compl. ¶¶ 27 and 161, plaintiffs have certainly not pleaded themselves out of court based on a lack of exhaustion.

Accordingly, as with Chen's Title VII claim, IISD is not entitled to dismissal of plaintiffs' Title VII claims on this basis under Rule 12(c).  If the issue is to be resolved in IISD's favor prior to trial, it must be by summary judgment motion.

V

Finally, the court considers IISD's 12(c) motion to dismiss Hill's race discrimination claim based on her transfer.

A

IISD contends that Hill has failed to allege that she suffered an adverse employment action, because a lateral transfer is not an adverse employment action, as required to state a Title VII claim.

> To establish a prima facie case of employment discrimination, [Hill] must establish that [she] (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably.

*Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).  In this case, only the third element is contested: whether Hill has adequately alleged that she was subject to an adverse employment action.

In support of her race discrimination claim, Hill alleges that, during the 2011-2012 school year, she served as a Middle School Special Education Coordinator.  At some point toward the end of the 2011-2012 school year, Hill was placed on leave on the recommendation of her doctor.  While Hill was on leave, IISD filled the Middle School Special Education Coordinator position.  Before Hill returned from leave, she was informed that she was being transferred from the Special Education Department and would instead

- 8 -

serve as Elementary Dean.  Hill alleges that the Elementary Dean position was a "bogus job which essentially stripped her of a prestigious title and rendered her teaching certificate moot." 2d Am. Compl. ¶ 138.  She asserts that in the position of Elementary Dean, she was no longer required to use her background in Special Education.

B

For purposes of Title VII (and 42 U.S.C. § 1983), a transfer that serves as a demotion qualifies as an adverse employment action.  *See Sharp v. City of Houston*, 164 F.3d 923, 933 (5th Cir. 1999).  "To be equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement."  *Id.* (citing *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996)); *accord Alvarado v. Tex. Rangers*, 492 F.3d 605, 612-13 (5th Cir. 2007).  "Whether a transfer is objectively worse is a question of fact." *Fisher v. Dallas Cnty.*, 299 F.R.D. 527, 537 (N.D. Tex. 2014) (Fitzwater, C.J.) (citing *Sharp*, 164 F.3d at 933).

The second amended complaint does not allege that Hill's transfer resulted in a decrease in pay or grade, but it does assert that the Elementary Dean position was less prestigious than the Middle School Special Education Coordinator position.  *See* 2d Am. Compl. ¶ 138 (alleging, *inter alia*, that position of Elementary Dean was "a bogus job which essentially stripped her of a prestigious title").  Accepting the well-pleaded facts of the second amended complaint as true, and viewing them in the light most favorable to Hill, the court holds that Hill has alleged a plausible claim that she was subjected to an adverse

- 9 -

employment action when she was transferred to the less prestigious position of Elementary Dean.  Accordingly, the court denies IISD's motion to dismiss Hill's race discrimination claim for failure to state a claim.

*   *   *

For the reasons explained, IISD's motion to dismiss is denied.

**SO ORDERED**.

April 17, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE