IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AKWETA CLEMMER, §
 §
        Plaintiff, §
 § Civil Action No. 3:13-CV-4997-D
VS. §
 §
IRVING INDEPENDENT SCHOOL §
DISTRICT, §
 §
        Defendant. §

## MEMORANDUM OPINION AND ORDER

Following an appeal to, and affirmance by, the Fifth Circuit, the court returns to this case to decide a motion for summary judgment filed by defendant Irving Independent School District ("IISD") and addressed to the sole remaining claim: plaintiff Akweta Clemmer's ("Clemmer's") action for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. For the reasons that follow, the court largely grants IISD's motion, raises *sua sponte* an alternate ground for dismissing the claim to the extent it is not dismissed based on IISD's motion, and grants Clemmer leave to respond to the ground that the court is raising *sua sponte*.

I

Because this case is the subject of three prior memorandum opinions and orders—*see, e.g., Clemmer v. Irving Indep. Sch. Dist.*, 2016 WL 1161784 (N.D. Tex. Mar. 22, 2016) (Fitzwater, J.) ("*Clemmer III*"), *aff'd sub nom. Chen v. Irving Indep. Sch. Dist.*, 689 Fed. Appx. 379 (5th Cir. 2017)—the court recounts only the background facts and procedural

history pertinent to today's decision.

Clemmer, who is African-American, began working for IISD as a Special Education Diagnostician in August 2007.[1] She was directly supervised by Mollie Lusty ("Lusty"), IISD's Special Education Director. Clemmer also reported to Desiree Marks-Arias ("Marks-Arias"), the Principal at the school where Clemmer worked as a Diagnostician.

In February 2012 Clemmer and two other IISD employees, Cristina Chen ("Chen") and Lesa Hill ("Hill"), submitted grievances to Karry Chapman ("Chapman"), the IISD Interim Assistant Superintendent of Administration. Clemmer, Chen, and Hill complained that Lusty had shown favoritism to Caucasian staff members, and that they were subjected to hostile work environments, discrimination based on race or national origin, and retaliation for reporting concerns about IISD's treatment of certain students in the Special Education Department. In May or June of 2012, Clemmer applied for three positions: Special Education Compliance Coordinator, Principal, and Assistant Principal. Clemmer did not receive interviews for the Principal or Assistant Principal positions. And although she interviewed for the Special Education Compliance Coordinator job, IISD ultimately selected JoAnn Wiechmann ("Wiechmann"). At an unspecified time, Clemmer requested a transfer to another school, but her request was denied.

---

[1]In deciding this motion, the court views the evidence in the light most favorable to Clemmer as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

Following an internal grievance process involving an outside consultant and two hearings, Clemmer, Chen, and Hill filed intake questionnaires with the Texas Workforce Commission Civil Rights Division, which were dual filed with the Equal Employment Opportunity Commission ("EEOC"). After receiving right to sue letters from the EEOC, Clemmer, Chen, and Hill filed this lawsuit against IISD, which they amended through first and second amended complaints. In the second amended complaint, plaintiffs alleged claims under 42 U.S.C. § 1983 for retaliation, in violation of the First Amendment, deprivation of property without due process, in violation of the Fourteenth Amendment, and denial of equal protection, in violation of the Fourteenth Amendment; and they alleged claims under Title VII for hostile work environment, retaliation, and race discrimination. In *Clemmer III* the court granted summary judgment dismissing all the claims of plaintiffs Hill and Chen, and all of Clemmer's claims except her Title VIII retaliation claim. The court entered Fed. R. Civ. P. 54(b) final judgments dismissing the actions of Chen and Hill in their entirety and dismissing all of Clemmer's claims except her Title VIII retaliation claim. Plaintiffs appealed these judgments, and the Fifth Circuit affirmed. *Chen v. Irving Indep. Sch. Dist.*, 689 Fed. Appx. 379 (5th Cir. 2017) (per curiam).

Following the Fifth Circuit's decision, IISD obtained leave of court to file another summary judgment motion addressed to Clemmer's remaining Title VII retaliation claim. That motion, which Clemmer opposes, is now before the court for decision.

II

Title VII prohibits an employer from taking an adverse employment action against an employee who engages in a protected activity. *See* 42 U.S.C. § 2000e-3(a). Clemmer must first demonstrate a prima facie case of retaliation by showing that (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. *See Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *9 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). As to the third element, the requirement that a plaintiff show at the prima facie case stage a "causal link" between a protected activity and an adverse employment action is "much less stringent" than the "but for" causation that the trier of fact must find. *See Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001); *see also Khanna v. Park Place Motorcars of Hous., Ltd.*, 2000 WL 1801850, at *4 (N.D. Tex. Dec. 6, 2000) (Fitzwater, J.) (characterizing the prima facie case burden as "minimal").

If Clemmer establishes a prima facie case, the burden shifts to IISD to articulate a legitimate, non-retaliatory reason for the action taken. *See Walker*, 2005 WL 2278080, at *9. This burden is one of production, not of proof. *See Wooten v. Fed. Express Corp.*, 2007 WL 63609, at *16 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.), *aff'd*, 325 Fed. Appx. 297 (5th Cir. 2009).

If IISD meets its production burden, the burden shifts back to Clemmer to produce evidence that retaliation for her protected conduct, rather than IISD's proffered legitimate,

non-retaliatory reason, was the "but-for cause" of the adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."); *see also, e.g., Coleman v. Jason Pharms.*, 540 Fed. Appx. 302, 304 (5th Cir. 2013) (per curiam) ("An employee establishes pretext by showing that the adverse action would not have occurred 'but for' the employer's retaliatory reason for the action.") (citing *Nassar*, 570 U.S. at 360-62). "In order to avoid summary judgment, the plaintiff must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken the action 'but for' the protected activity." *Coleman*, 540 Fed. Appx. at 304 (quoting *Long*, 88 F.3d at 308).

III

The court first addresses Clemmer's claim that she was retaliated against when IISD did not hire her for the Principal, Assistant Principal, and Special Education Compliance Coordinator jobs.

A

IISD maintains that Clemmer cannot show a prima facie case of retaliation because she cannot establish a causal link between her protected activity and IISD's failure to hire her for the position of Principal or Assistant Principal jobs. IISD points to the fact that Lusty, who Clemmer alleges retaliated against her, was not involved in the hiring process for the two positions between May 12, 2012 through December 12, 2012, the time specified in the EEOC charge. IISD also contends that Clemmer has failed to present any evidence of

who made the hiring decisions for both positions or that the hiring supervisor had retaliatory intent towards her.

Clemmer does not address IISD's argument. Although Clemmer's failure to respond does not permit the court to enter a "default" summary judgment on this claim, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Clemmer has presented no evidence that the processes involved in hiring for the Assistant Principal and Principal positions were specifically designed or applied in a way intended to retaliate against her. The court thus holds that Clemmer has not designated specific facts that would enable a reasonable jury to find in her favor on a Title VII retaliation claim based on her IISD's failure to hire her for the Principal and Assistant Principal positions.

B

The court now turns to Clemmer's allegation that IISD retaliated against her by failing to hire her for the Special Education Compliance Coordinator position.

The court will assume *arguendo* that Clemmer has made a prima facie showing of retaliation based on IISD's failure to hire her for the Special Education Compliance Coordinator position. The burden of production therefore shifts to IISD to produce evidence of a legitimate, non-retaliatory reason for failing to hire Clemmer. IISD has satisfied this obligation by producing evidence that it selected Wiechmann, based on her experience and interview performance, because it deemed her to be more qualified than Clemmer. *Clemmer III*, 2016 WL 1161784, at *12. The burden has therefore shifted back to Clemmer to produce evidence that retaliation for her protected conduct was the "but-for cause" of IISD's failure to hire her for the Special Education Compliance Coordinator position. *See Nassar*, 570 U.S. at 352.

IISD maintains that Clemmer has not pointed to evidence that the reason for IISD's decision to hire Wiechmann is pretextual. Clemmer does not address IISD's argument or offer any argument for why IISD's reason for hiring Wiechmann is pretextual. The court thus holds she has not carried her summary judgment burden to designate specific facts that would allow a reasonable jury to find in her favor on the retaliation claim based on IISD's failure to hire her for the position of Special Education Compliance Coordinator.[2]

---

[2] The court therefore need not reach IISD's argument that Clemmer is barred by collateral estoppel from arguing that IISD's reason is pretextual.

Clemmer's retaliation claim is therefore dismissed to the extent it is based on a failure to promote.

IV

The court next considers Clemmer's allegation that IISD retaliated against her by denying her request to transfer out of the Special Education Department.

The court will assume *arguendo* that Clemmer has properly exhausted her administrative remedies for a retaliation claim based on IISD's failure to transfer her.[3] IISD contends that Clemmer has provided no evidence that she experienced harm by the alleged failure to transfer. IISD thus posits that Clemmer has not shown a prima facie case of retaliation because she has not established that an adverse employment action occurred. The court agrees.

"The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). To establish that an adverse employment action occurred, a plaintiff must show that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotation marks omitted). Clemmer alleges that her request to transfer out of the Special Education

---

[3]The court does not address here IISD's argument that Clemmer is limited by her EEOC charge from asserting a retaliation claim on grounds other than IISD's failure to promote. It addresses the argument *infra* at § V.

Department was denied. But she produces no evidence that the denial of the transfer made her job "objectively worse." *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 709 (5th Cir. 2016). "[M]ere denial of a reassignment to a purely lateral position ('no reduction in pay and no more than a minor change in working conditions'), is typically not a materially adverse action." *Id.* (citing *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999) (per curiam)). Because Clemmer has provided no evidence of harm, the court holds that she has not carried her summary judgment burden to show a prima facie case of retaliation based on denial of the transfer. Accordingly, the court dismisses the retaliation claim to the extent Clemmer bases it on denial of a transfer out of the Special Education Department.

V

Finally, the court addresses Clemmer's allegations that IISD engaged in retaliatory action by discouraging other African-American employees from filing complaints; shunning, badmouthing, socially ostracizing, and harassing her; and subjecting her to searches of students in her office. IISD contends, based on law of the case, that Clemmer's EEOC charge regarding retaliation is limited to IISD's failure to promote. It therefore maintains that Clemmer has not exhausted her administrative remedies and cannot pursue a Title VII retaliation claim based on any allegation of any adverse action other than a failure to promote.

A

Before an individual can pursue a Title VII claim in federal court, she must exhaust her available administrative remedies by "fil[ing] a timely charge with the EEOC and receiv[ing] a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)); *see also Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *3 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.), *aff'd*, 374 Fed. Appx. 493 (5th Cir. 2010). The lawsuit that follows is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination. *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990) (citing *Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). In other words, the complaint may encompass any kind of discrimination "like or related to" allegations contained in the EEOC charge. *Sanchez*, 431 F.2d at 466; *see also Vuyanich v. Republic Nat'l Bank of Dall.*, 723 F.2d 1195, 1201 (5th Cir. 1984). "Because a person filing an EEOC charge is usually not represented by counsel, the court must not strictly construe the EEOC charge and require the complainant to allege every instance of discrimination." *Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)).

B

IISD relies on the following passage from *Clemmer III* to argue that Clemmer's retaliation claim based on harassment cannot reasonably arise from her EEOC charge:

> Clemmer's EEOC charge is also devoid of any of the facts alleged in the second amended complaint regarding her hostile work environment claim. *See Spears v. DSM Copolymer, Inc.*, 103 F.3d 124, 1996 WL 731356, at *1 (5th Cir. 1996) (per curiam) (unpublished table decision) (examining plaintiff's complaint in light of his EEOC charge to determine whether claims in complaint could reasonably be expected to grow out of claim in EEOC charge). Rather, the only harm Clemmer identifies in her EEOC charge is the denial of promotions.

*Clemmer III*, 2016 WL 1161784, at *7. IISD maintains that, because the court stated, and the Fifth Circuit affirmed, that Clemmer only identified denial of promotions in her EEOC charge, she cannot now argue that she exhausted her administrative remedies regarding other forms of retaliatory action.[4] The court disagrees.

The *Clemmer III* passage that IISD relies on addressed whether Clemmer's EEOC charge identified any harms from a hostile work environment. The court held that the only harm that Clemmer had identified in her EEOC charge was the denial of promotions, so Clemmer's hostile work environment claim could not reasonably be expected to grow out of her EEOC charge. The court did not purport to address whether any retaliation claims other than one based on a hostile work environment could reasonably be expected to grow out of her EEOC charge. While one could perhaps extrapolate the *Clemmer III* passage to reach this conclusion, it is not the law of the case, as IISD maintains. The court thus declines to

---

[4]Under law-of-the-case doctrine, "the district court on remand, or the appellate court on a subsequent appeal, abstains from reexamining an issue of fact or law that has already been decided on appeal." *Perez v. Stephens*, 784 F.3d 276, 280 (5th Cir. 2015) (per curiam). Clemmer maintains that the parties and this court are bound by the rulings of fact and law in *Clemmer III* because the decision was affirmed by *Chen*.

- 11 -

grant IISD summary judgment on this ground.

C

Although the court is denying summary judgment based on IISD's reliance on the passage from *Clemmer III*, it can raise a ground for granting summary judgment *sua sponte*, provided it affords Clemmer notice and a fair opportunity to respond. *See, e.g., Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F.Supp.2d 801, 810 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *9 (N.D. Tex. Mar.14, 2006) (Fitzwater, J.)). The court will do so here on the following ground: even if the court assumes *arguendo* that Clemmer can satisfy the other two elements of a prima facie case of retaliation—i.e., that she engaged in protected activity, and causation[5]—she has not produced evidence that she suffered a materially adverse employment action. In other words, she has not shown harm arising from IISD's alleged discouraging of other African-American employees from filing complaints; shunning, badmouthing, socially ostracizing, and harassing her; or subjecting students to searches in her office.

As noted above, to establish that an adverse employment action occurred, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry.*, 548 U.S.

---

[5]It is unclear whether Clemmer can show that her protected activity was a cause of harassment because she does not specify when most of the instances of alleged misconduct by her supervisors occurred.

at 68 (internal quotation marks omitted). The adverse employment action inquiry centers on "material adversity" because "it is important to separate significant from trivial harms. Title VII, we have said, does not set forth 'a general civility code for the American workplace.'" *Id.* (citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)). "[N]ormally petty slights, minor annoyances, and simple lack of good manners" do not rise to the level of actionable employer conduct under Title VII. *Id.*

Here, Clemmer's vague and conclusory assertions that she experienced shunning, badmouthing, social ostracization, searches of students in her office, and the like merely suggest issues of workplace civility, not the level of adverse employer conduct required to succeed on a Title VII claim. For example, Clemmer points to an instance in which Lusty "chuckled and laughed" at her when she told her about Marks-Arias's mistreating her. P. App. 371. She also refers to how she was mistreated by "everybody based on what [Lusty] was saying about her." *Id.* at 372. And she describes how Marks-Arias searched students for drugs in her office. But Clemmer has produced no evidence or argument that the "surrounding circumstances, expectations, and relationships" elevated such conduct to the level of material adversity. *See Burlington N. & Santa Fe Ry.*, 548 U.S. at 68 (citing *Oncale*, 523 U.S. at 81-82). Nor has Clemmer pointed to any evidence that African-American IISD employees were actually deterred from filing Title VII complaints or that any of IISD's actions well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. The court thus raises *sua sponte* that Clemmer cannot establish a prima facie case of retaliation based on being shunned, badmouthed, socially ostracized, harassed,

or subjected to searches of students in her office, or based on chilling the filing of Title VII complaints by other African-American employees.[6]

The court grants Clemmer 21 days from the date this memorandum opinion and order is filed to file an opposition response, brief, and appendix that addresses the ground on which the court has raised summary judgment *sua sponte*. The court will evaluate Clemmer's papers before deciding whether to invite IISD to file a reply brief.

* * *

For the reasons stated, the court grants in part IISD's motion for summary judgment on Clemmer's retaliation claim and in part raises *sua sponte* that IISD is entitled to summary judgment dismissing the balance of her retaliation claim on the basis stated in this memorandum opinion and order.

**SO ORDERED**.

March 21, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[6]Because the court is raising summary judgment *sua sponte* on a basis that will result in dismissing Clemmer's entire Title VII retaliation claim, it need not address IISD's evidentiary arguments related to its summary judgment motion.